UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JACQUELINE BACH,

    Plaintiff,

v.                                                 Case No. 5:22-cv-262-MCR/MJF

RICHARD GLEASON,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Defendant Richard Gleason removed this eviction action from the County Court of the Fourteenth Judicial Circuit in and for Bay County, Florida. Because the District Court lacks subject-matter jurisdiction over this action, the District Court should remand this action to the state court from which this case originated.

### I. BACKGROUND

On September 7, 2022, Plaintiff Jacqueline Bach—Gleason's landlord—initiated an eviction action against Gleason in the County Court of the Fourteenth Judicial Circuit in and for Bay County, Florida. Doc. 1 at 4–5; *Bach v. Gleason*, No. 22002555CC (Fla. Bay County Ct. Sept. 9, 2022). Bach alleged that Gleason failed to pay rent for August and September 2022: a total of $1,960. Doc. 1 at 4. The rental property at issue is located in Panama City, Florida. *Id.*

On November 10, 2022, Gleason removed this action to the United States District Court for the Northern District of Florida. In his notice of removal, Gleason asserted that this action involves claims under the Fair Housing Act of 1968 ("FHA") and Title VII of the Civil Rights Act of 1964 ("Title VII"), as well as procedural due-process claims under the Fourteenth Amendment. *Id.* at 1–2. Bach currently lives in Duluth, Georgia. At the time Gleason removed this action to federal court, he lived in Panama City, Florida. *Id.* at 4.

On November 14, 2022, after reviewing Gleason's notice of removal and determining that the District Court likely lacked subject-matter jurisdiction, the undersigned ordered Gleason to explain and show cause why this action should not be remanded to the court from which it originated. Doc. 4. The undersigned imposed a deadline of December 5, 2022 to comply. The undersigned warned Gleason that his failure to comply would cause the undersigned to presume that Gleason consents to this action being remanded to the state court because the District Court lacks subject-matter jurisdiction. As of the date of this report and recommendation, Gleason has not complied with the undersigned's order.[1]

---

[1] On November 28, 2022, the undersigned's order was returned to the clerk of the court as "undeliverable." Doc. 6. But that does not alter the undersigned's recommendation. Gleason is responsible for keeping this court apprised of his current address. His failure to do so evidences a lack of desire to prosecute this action in federal court.

## II. Discussion

Except as otherwise provided by Congress, a defendant may remove to federal district court any civil action brought in state court over which a federal court has original jurisdiction. 28 U.S.C. § 1441(a). Because federal courts are courts of limited jurisdiction, however, the defendant must demonstrate that the federal district court enjoys subject-matter jurisdiction over the action, either through diversity-of-citizenship jurisdiction or federal-question jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005); *Hawkinson v. State Farm Mut. Auto. Ins. Co.*, 325 F. Supp. 3d 1293, 1296 (M.D. Fla. 2018). The defendant bears the burden of demonstrating that the court enjoys subject-matter jurisdiction. *Stern v. First Liberty Ins. Corp.*, 424 F. Supp. 3d 1264, 1269 (S.D. Fla. 2020). Furthermore, the "removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

### A.      The District Court Lacks Diversity-of-Citizenship Jurisdiction

Diversity-of-citizenship jurisdiction requires (1) complete diversity of the parties' citizenship and (2) an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Under the complete-diversity requirement, courts look to a natural person's domicile for citizenship. *Travaglio v. Am. Express*

*Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Domicile "requires both residence in a state and 'an intention to remain there indefinitely.'" *Id.* (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). As to the amount-in-controversy requirement, the alleged amount in controversy generally "is accepted if made in good faith." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014).

The undersigned cannot determine with certainty Bach's and Gleason's respective domiciles. Regardless, the amount in controversy does not exceed $75,000. Indeed, this eviction action involves no more than $5,000. *Bach*, No. 22002555CC, Default Judgment (Fla. Bay County Ct. Nov. 10, 2022) (awarding $3,920.00). Gleason has the burden to demonstrate that the amount in controversy exceeds $75,000. *Stern*, 424 F. Supp. 3d at 1269. He has failed to carry that burden here.

B. **The District Court Lacks Federal-Question Jurisdiction**

Federal-question jurisdiction arises from "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Typically, federal-question jurisdiction requires that a federal cause of action "appear on the face of a properly pleaded complaint." *Jefferson Cnty. v. Acker*, 527 U.S. 423, 430–31 (1999). "[A]n anticipated or actual federal defense generally does not qualify a case for removal." *Id.* at 431; *Provincial Gov't of Marinduque*, 582 F.3d at 1086 (noting that federal-question jurisdiction "cannot be supplied via a defense"). A

federal question also may arise when "the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law." *Stone v Bank of N.Y. Mellon, N.A.*, 609 F. App'x 979, 981 (11th Cir. 2015).

Despite Gleason's assertion that this case involves claims under the FHA, Title VII, and the Due Process Clause of the Fourteenth Amendment, Bach's complaint contains no such claims. Doc. 1 at 4–5. This is a run-of-the-mill eviction action. To the extent Gleason is asserting a counterclaim under any federal statute or constitutional provision, that is an insufficient basis for removal. *Acker*, 527 U.S. at 431; *Provincial Gov't of Marinduque*, 582 F.3d at 1086. Gleason, therefore, also has failed to demonstrate that the District Court enjoys federal-question jurisdiction.

### III.  Conclusion

As the removing party, Gleason has the burden of demonstrating that the District Court enjoys subject-matter jurisdiction over this action. Because Gleason has failed to satisfy that burden, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **REMAND** this case the County Court of the Fourteenth Judicial Circuit in and for Bay County, Florida.

2.  **DIRECT** the clerk of the court to take all steps necessary to effect the remand and close this case.

At Pensacola, Florida, this 9th day of December, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**